IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMAR DAMIAN QUARLES  :
:
   v.  :  Civil Action No. DKC 04-3496
                                                       Criminal Case No. DKC 01-0273
:
UNITED STATES OF AMERICA  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion by Petitioner Jamar Quarles to vacate, set aside, or correct his sentence. (ECF No. 53). The issues are fully briefed and the court now rules. For the reasons that follow, the motion will be denied.

**I.  Background**

On May 14, 2001, a grand jury issued an indictment against Petitioner Jamar Damian Quarles charging him with two counts of illegal possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). The first count alleged that defendant possessed a .38 caliber revolver on September 17, 1999; the second alleged that defendant possessed a sawed-off, loaded 12-gauge shotgun on May 7, 2001.[1] After a two-day trial, a jury convicted Quarles of both counts on October 10, 2001.

---

[1] The underlying facts of this case are described in an earlier opinion of the United States Court of Appeals for the

At sentencing on March 11, 2002, this court sentenced Quarles to 120 months imprisonment on count one and 24 months, consecutive, on count two. He also received three years of supervised release. On direct appeal, on May 27, 2003, the United States Court of Appeals for the Fourth Circuit affirmed Quarles' conviction. *See generally United States v. Quarles*, 330 F.3d 650 (4th Cir. 2003). The Supreme Court denied Quarles' petition for writ of certiorari on October 20, 2003. *See Quarles v. United States*, 540 U.S. 977 (2003).

Quarles filed the instant motion on October 25, 2004.[2] (ECF No. 53). The government opposed on March 4, 2005. (ECF No. 57). Quarles did not file a reply.

## II. Standard of Review

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." A pro se movant is of course entitled to have his

---

Fourth Circuit that addressed Quarles' direct appeal. *See United States v. Quarles*, 330 F.3d 650, 651-53 (4th Cir. 2003).

[2] The Clerk did not docket the motion until October 25, 2004, but the motion was signed on October 19. Under the "mailbox rule," the court treats the earlier date as the filing date. *Houston v. Lack*, 487 U.S. 266, 272-73 (1988).

arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the Section 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

**III. Analysis**

Quarles makes three arguments in support of his motion. First, he maintains that he received a sentence in excess of the statutory maximum for a violation of 18 U.S.C. § 922(g)(1). Second, he contends that trial counsel was ineffective because she agreed with the government that Quarles was eligible for a maximum Guidelines sentence of 150 months, pursuant to Section 5G1.2 of the Sentencing Guidelines. Third, he asserts that his appellate counsel was ineffective because she failed to argue that that certain testimony by a government witness violated Federal Rule of Evidence 404(b).

**A.   Excessive Sentence**

Quarles first argues that this court lacked jurisdiction to sentence him to 144 months because the statutory maximum for an offense under 18 U.S.C. § 922(g) is ten years. Quarles correctly states the statutory maximum. *See* 18 U.S.C. § 924(a)(2). Quarles overlooks the fact, however, that he was convicted of two separate counts of violating Section 922(g),

3

each carrying a separate statutory maximum penalty. Thus, *each count* carried a statutory maximum of 120 months. The court also had discretion to run the counts consecutively. *See* 18 U.S.C. § 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or consecutively."). Thus, the statutory provisions would have permitted a total term of imprisonment of 240 months. The 144-month combined sentence he received was well under that threshold.[3]

### B. Ineffective Assistance of Counsel

Quarles' second and third claims are both premised on alleged ineffective assistance of counsel. Such claims are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* standard, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See*

---

[3] In addition, as the government observes, this claim has likely been waived by Quarles' failure to raise the issue on appeal. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Although Quarles makes the cursory assertion that the errors were not raised "because of the ineffectiveness of trial counsel and appellate counsel," that brief statement would likely be insufficient to establish cause and prejudice.

*Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, he must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In applying *Strickland*, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney's performance been deficient. *See Strickland*, 466 U.S. at 697.

Quarles maintains that his trial counsel rendered ineffective assistance in agreeing with the government that Quarles was eligible for a maximum Guidelines sentence of 150 months pursuant to Section 5G1.2(d) of the Sentencing Guidelines. Section 5G1.2(d) states, in relevant part:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to

5

> the extent necessary to produce a combined
> sentence equal to the total punishment.

United States Sentencing Commission, *Guidelines Manual*, § 5G1.2(d) (Nov. 2001) ("USSG"). Quarles interprets "total punishment" to mean the statutory maximum of 10 years for an offense under 18 U.S.C. § 922(g).

Quarles' interpretation of "total punishment" is not in accordance with prior decisions in the Fourth Circuit. The Fourth Circuit has explained that 5G1.2(d) applies where "the total punishment *mandated by the guidelines* exceeds the highest statutory maximum." *United States v. White*, 238 F.3d 537, 543 (4th Cir. 2001) (emphasis added); *see also United States v. Chase*, 296 F.3d 247, 251 (4th Cir. 2002) (defining "total punishment" as "the point within the guideline range designated by the district court as the appropriate term of imprisonment"). As the Guidelines themselves recognize, this provision was meant to address situations where statutory maximums would hamstring the court from imposing a Guidelines-compliant sentence were the sentences to run concurrently. *See* USSG § 5G1.2(d), comment.

Based on the court's determination of a total offense level of 26 and a criminal history category of VI, the Guidelines called for a 120- to 150-month term of imprisonment. Thus, defense counsel was correct in conceding that the maximum Guidelines sentence was 150 months. Furthermore, Quarles'

6

sentence fell below the highest level of "total punishment" called for by the Guidelines. Because any argument challenging the application of the "stacking" rule in § 5G1.2(d) would have been futile, counsel did not render ineffective assistance in failing to make it. *Oken v. Corcoran*, 220 F.3d 259, 269 (4th Cir. 2000) ("[T]rial counsel was not constitutionally ineffective in failing to object . . . because it would have been futile for counsel to have done so."); *Truesdale v. Moore*, 142 F.3d 749, 755 (4th Cir. 1998) ("It was not constitutionally ineffective assistance for . . . counsel not to pursue futile claims.").

Quarles also faults his appellate counsel for not appealing the mention of a prior trial wherein Quarles was accused of murder. In particular, Quarles states that a government witness, the brother of the victim in the prior murder trial,[4] was permitted to offer "highly inflammatory testimony" about the murder trial over "trial counsel's continued objections." He believes his appellate counsel should have pursued this issue at the Fourth Circuit.

---

[4] The government called the witness, Lacey Rainey, because he placed a 911 call to authorities informing them that he had spotted Quarles walking in Capitol Heights, Maryland and knew that Quarles was wanted on a federal warrant. That phone call led the authorities to find Quarles in possession of a shotgun in May 2001.

7

The selection of which issues to present on appeal is, almost by its very nature, a strategic decision. *See Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) ("[A]ppellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle."); *Haynes v. United States*, 451 F.Supp.2d 713, 722 (D.Md. 2006) ("Limiting the issues to the stronger or strongest ones while winnowing out the weaker is sound appellate strategy."). "Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit, and [the court] must accord counsel the presumption that he decided which issues were most likely to afford relief on appeal." *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) (quotation marks, brackets, and citations omitted). Consequently, while it is conceivably possible to bring an ineffective assistance claim premised on an appellate counsel's failure to raise an issue, "it will be difficult." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quotation marks and brackets omitted). An ineffective assistance claim based on an ignored issue generally will only succeed "when ignored issues are clearly stronger than those presented." *Lawrence*, 517 F.3d at 709.

That standard has not been met here. Appellate counsel launched a fervent attack on the court's decision on direct

appeal, making at least one argument of such strength that the Fourth Circuit addressed the appeal in a published opinion. Appellate counsel pressed four arguments: (1) the court erred in denying a motion to suppress certain statements Quarles made on May 7, 2001, as police officers did not possess reasonable suspicion justifying an investigate stop; (2) Section 922(g) is an unconstitutional exercise of Congress' commerce power; (3) proof that the firearm travelled at some point in interstate commerce is an insufficient nexus with interstate commerce to invoke the statute; and (4) the court should have instructed the jury that it must find that the firearm's possession had to affect interstate commerce in some non-trivial way. *See Quarles*, 330 F.3d at 650 & n.2. The arguments offered by appellate counsel successfully convinced one judge that the case was a "close call." *Id.* at 657 (Shedd, J., concurring).

While counsel raised strong issues on appeal, the "overlooked" issue noted by Quarles was a decidedly weak basis for appeal. For one, there is no indication that the government introduced evidence of Quarles' prior murder trial over the objections of his trial counsel. Rather, defendant's trial counsel herself raised the issue from almost the very beginning of her opening statement:

> But the most important thing for you to know
> is that Mr. Quarles was falsely accused of
> that murder. He was falsely accused of the

9

> murder of the brother of the government's key witness in this case. He pled not guilty. . . . And after that jury heard all of the evidence in that case, they found the truth. They found Mr. Quarles not guilty of the murder of Brian Rainey.

(10/9/2001 Tr., at 119). Trial counsel then reopened the issue in her cross-examination of Lacey Rainey, the witness Quarles now contends offered impermissible testimony about the murder trial. (*See, e.g.*, *id.* at 193-98). She did not apparently object when the government elicited its own brief testimony about the murder trial. (*See, e.g.*, *id.* at 205; 10/10/2001 Tr., at 27).

Because trial counsel failed to object to references to the prior murder trial, any claim on appeal would have been reviewed only for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). There is little suggestion of any error, let alone plain error. As the Fourth Circuit said in a similar case:

> Even if we agreed with [the defendant] that the testimony was inadmissible, [the defendant] invited the error and therefore it provides no basis for reversal. At trial, [the defendant] did not object to any of the statements he now challenges, indeed, most were elicited by his own attorney from a government witness during cross-examination. . . . Under these circumstances, [the defendant] cannot complain of error which he himself has invited.

*United States v. Neal*, 78 F.3d 901, 904 (4th Cir. 1996) (quotation marks omitted); *see also Ohler v. United States*, 529

U.S. 753, 755 (2000) ("Generally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted.").

Accordingly, appellate counsel did not render ineffective assistance in deciding to forego making this likely fruitless argument in favor of making other stronger arguments. *See, e.g., Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) ("Appellate counsel cannot be found to be ineffective for failure to raise an issue that lacks merit." (quotation marks omitted)).

**IV. Conclusion**

For the foregoing reasons, Quarles' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its

merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Upon its review of the record, the court finds that Quarles does not satisfy the above standard.

    A separate order will follow.

                                  /s/
                         DEBORAH K. CHASANOW
                         United States District Judge